NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FREDERICK SHAW, PETITIONER, v. R. A. PHILLIPS & COMPANY, RESPONDENT.

A formal petition having been filed in the above matter asking for compensation under the terms of the Compensation law of this state, and an answer having been duly filed, the same came on for a hearing before me in Camden on February 27th, 1928, the petitioner being represented by Attorney

Walter S. Keown and the respondent by Attorney Richard W. Baker.

The petitioner testified in his own behalf and also called to testify his mother, Mrs. Havens, and Dr. Ross. At the end of the petitioner's case the attorney for the respondent moved that the case be dismissed on the grounds that the petitioner had failed to prove conclusively the five points of the hernia section of the Compensation law. The attorney for the respondent argued that the petitioner had failed to bring any proof at all that the descent of the hernia immediately followed the cause, and further that he had failed to show that there was such prostration that the petitioner was compelled to stop work immediately, as according to the petitioner's own testimony, he stopped work and sat down for half an hour and then drove his team for the balance of the day until the regular quitting time at four-thirty.

After reviewing the testimony in this case I find that the petitioner has failed to prove conclusively the five points of the hernia section of the Compensation law as he has failed to show that the descent of the hernia immediately followed the cause, and that there was such prostration that he was forced to cease work immediately, and accordingly the motion of the attorney for the respondent was granted.

Accordingly, I hereby order that the case be dismissed, without costs to either party.

CHARLES E. CORBIN,
*Deputy Commissioner.*